E-FILED
Friday, 17 December, 2021 11:07:27 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| **PERRY ELLIS HAMPTON,** <br> **Plaintiff,** <br> **v.** <br> **SGT. PEEL, et al.,** <br> **Defendants.** | **No.: 21-cv-4135-MMM** |

**MERIT REVIEW ORDER**

Plaintiff, a detainee at the Hill Correctional Center ("Hill"), proceeding *pro se*, files a complaint under 42 U.S.C. § 1983, asserting an Eighth Amendment failure to protect claim and a not particularly specific Fourteenth Amendment due process claim. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**ALLEGATIONS**

Plaintiff has filed a lengthy complaint replete with affidavits, grievances, and responses. These extraneous documents are not relevant at the pleadings stage and were not reviewed. *See*

*Fitzgerald v. Dep't of Corr.*, No. 07-61, 2007 WL 951861, at *1 (W.D. Wis. Mar. 26, 2007) (exhibits which were not "necessary to the complaint" were not considered at merit review).

On January 9, 2019, Plaintiff was housed in the Hill segregation unit when Defendant Sergeant Peel ordered him to move to cell #23, with inmate Mascorro, a member of the Latin Kings. While Plaintiff is not particularly clear on the subject, it appears that he had at least a prior affiliation with the Gangster Disciples ("GDs"). Plaintiff complained to Defendant Peel that "it would not be a good idea" to move him in with Mascorro, as several days prior, Mascorro had threatened to kill him after the two had a "major dispute" on the segregation gallery.

Plaintiff was moved nonetheless and on January 10, 2019, sent a request for transfer to Internal Affairs Officers ("IA") Scheladry and Lippens, and Security Warden McLaughlin. There, Plaintiff claimed that he was at "substantial risk of some type of violence" at the hands of Mascorro.

On January 11, 2019, Plaintiff personally spoke with Defendant Sergeant VonKannon, telling him of his fears, and asking to be placed on "closed watch," not otherwise defined. Plaintiff had a phone call later that day and told Defendant VonKannon that his mother's house had been "shot up." It is not clear whether this incident is related to his issues with inmate Mascorro. Defendant VonKannon spoke with IA Officer Livingston not a party, and reported that Plaintiff would be moved the next day. This did not occur, and Plaintiff remained in the cell through January 15, 2019.

On January 15, 2019, inmate Mascorro asked Plaintiff why the Gangsters Disciples had not "violated" a GD member who had spread false allegations that Lil' B, a Latin Kings member, had stolen his food. Plaintiff told Mascorro that he had given up the gang life and that he did not "give a fuck about the latin king shit or that GD shit…" Mascorro became angry, rooted through

his property box, and returned to Plaintiff who was lying face up on the top bunk. Mascorro suddenly raised a shank, aiming it at Plaintiff's face. Plaintiff moved his left hand over his right eye, sustaining a stab wound to the palm of the hand and to the left arm.

Plaintiff began yelling for help and it appears that the inmates in a nearby cell did the same. Plaintiff struck and wrestled with Mascorro trying to disarm him, and in the process, sustained several superficial knife wounds. Plaintiff was able to gain control of the shank and threw it toward the front of the cell. Officers Olives and McClure responded, ordering the two to stop fighting. When the combatants did not desist, the officers used a one-second blast of pepper spray to subdue them.

Plaintiff's wounds were evaluated in the healthcare unit and he was prescribed ibuprofen. On the following day, January 16, 2018, Defendant. I.A. Officer Lippens interviewed Plaintiff. He told Plaintiff that they had recovered two shanks which Mascorro had hidden in the cell. Defendant Lippens denied finding any other contraband, although Plaintiff insists that Mascorro was in possession of various items such as a sewing needle, wires, and a mirror. Plaintiff believes that Defendant Lippens knew of this other contraband but is trying to cover-up the matter. While it is unclear as to how this issue is relevant to the issues here, Plaintiff appears to suggest that correctional staff was not diligent in uncovering contraband and preventing inmate-on-inmate violence.

Plaintiff alleges that as a result of the encounter, he has suffered PTSD, has nightmares, and his dose of Zoloft has been increased. Plaintiff requests compensatory and punitive damages against each Defendant.

Plaintiff also attempts to plead a Fourteenth Amendment due process claim based on the same facts. It is well established that to invoke due process a prisoner must identify a protected

liberty or property interest, something which Plaintiff has not done here. *See Domka v. Portage County*, 523 F.3d 776, 779–80 (7th Cir. 2008). Furthermore, the Supreme Court has admonished that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' …'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" *Barnes v. Jeffreys*, No. 20-2137, 2021 WL 1165088, at *8 (N.D. Ill. Mar. 26, 2021) (citing *Albright v. Oliver*, 510 U.S. 266, 273 (1994)). As a result, the allegations are reviewed only under the Eighth Amendment.

**ANALYSIS**

In a failure to protect claim, a plaintiff must show both an objective risk of danger and actual knowledge of that risk on the part of Defendants. *Henderson v. Sheahan*, 196 F.3d 839, 844-45 & n.2 (7th Cir. 1999). A Defendant must have had "actual knowledge of impending harm" and of a "specific threat to [plaintiff's] safety." *McGill v. Duckworth*, 944 F.2d 344, 349 (7th Cir. 1991). In addition, Defendants' response to the threat must have been so inadequate as to amount to "a reckless disregard for the risk and 'effectively condone[s] the attack.'" *Id.* (internal citation omitted) (quoting *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010)).

Here, Plaintiff alleges that he specifically told Defendants Peel and VonKannon that inmate Mascorro had threatened his life several days prior. Despite this, Defendant Peel placed Plaintiff with Mascorro, and Defendant VonKannon did not move him when told of the threat. Plaintiff fails to state a claim, however, as to Defendant Lippens for his alleged attempts to cover-up the presence of other contraband held by Mascorro. This is so, as the possession of a needle, wire or mirror is not relevant to the case at hand and there is nothing to suggest that Defendant Lippens was aware that Mascorro was in possession of any contraband, prior to the attack.

Plaintiff also alleges that Defendants Lippens and McLaughlin failed to respond to his written requests to be moved. It is unclear whether Plaintiff directs this claim against IA Officer Scheladry, as while he mentions Scheladry, he does not name him as a Defendant. "Liability under section 1983 depends on personal involvement in the violation… Involvement in the grievance process, standing alone, is insufficient to give rise to personal liability. *Larue v. Estate of Obaisi*, No. 18-932, 2021 WL 3290919, at *9 (N.D. Ill. Aug 2, 2021) (citing *Gevas v. Mitchell*, 492 F. App'x 654, 660 (7th Cir. 2012)). "Simply receiving correspondence from a prisoner" does not make a prison official liable for the alleged infraction. *See also, Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30,1994) (a plaintiff cannot establish personal involvement and subject a prison official to liability under section 1983, merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates). This reasoning applies to Officer Scheladry, to the extent that these allegations might be construed against him.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the Eighth Amendment failure to protect claims against Defendants Peel and VonKannon, as identified herein. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendants Lippens and McLaughlin are DISMISSED.

2. Plaintiff files [5], a motion for recruitment of pro bono counsel, supplying several letters from attorneys denying the representation. The Court does not possess the authority to require an attorney to accept pro bono appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). In determining whether the Court should attempt to find an

attorney to voluntarily take a case, the question is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing, and responding to motions and other court filings, and trial. *Id.* at 655. Plaintiff's failure to protect claim is not unduly complex and involves issues of which he has direct, personal knowledge. In addition, Plaintiff's conditional initial complaint was well pled and has passed merit review. The Court sees no detriment, at this time, to his continued self-representation. [5] is DENIED. Plaintiff's motions for status [6] and [7], are rendered MOOT by this order.

3. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal

Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7. Once counsel has appeared for Defendants, Plaintiff need not send copies of filings to Defendants or to Defendants' counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND,

3) ENTER THE STANDARD QUALIFIED PROTECTIVE ORDER PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

12/17/2021
ENTERED

s/Michael M. Mihm
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE